Dear Honorable Keating,
The Attorney General is in receipt of your request for an opinion wherein you ask the following question:
 "Does the County Assessor have the authority to raise or lower the assessment ratio applicable to the collection of ad valorem taxes after the assessment roll and the rate shown on the assessment roll have gone to the County Board of Equalization?"
Title 68 O.S. 2459 (1974), requires the County Board of Equalization:
 "(a) To equalize, correct and adjust the assessed valuation of real and personal property, by raising or lowering the valuation of the property, real or personal, of any taxpayer, to conform to the fair cash value thereof, as defined by law;"
 "It shall be the mandatory duty of each county board of equalization to cooperate with and assist the County Assessor in performing the duties imposed upon such assessor by 68 O.S. 2436, to the end that the records required by such section shall be fully and accurately prepared and maintained and shall harmonize with the assessed valuations of the real property of the county. After such records have been prepared and the assessed valuations adjusted in accordance herewith, the county board of equalization shall not raise or lower the assessed valuation of any parcel or tract of real estate without hearing competent evidence . . ." Emphasis added
The County Board of Equalization works from the "assessed valuation" prepared by the County Assessor prior to the commencement of its annual session. 68 O.S. 2471, provides in pertinent part:
 "Each County Assessor in the State shall annually prepare an assessment roll, which shall be in such form as may be prescribed by the Oklahoma Tax Commission and shall contain the following:
 "(d) The value fixed by the County Assessor of all property; and additional columns to show the equalized value as fixed by the County and State Boards of Equalization . . .
 "The assessment roll shall be correctly footed and balanced and it shall be the mandatory duty of the County Assessor as outlined under the penalties of 68 O.S. 2476 to deliver the completed roll to the County Board of Equalization on or before the fourth Monday of April of each year, in order that said Board may correct, adjust and equalize the taxable value of the property in the County . . ." Emphasis added
The action of the County Assessor pursuant to 68 O.S. 2471 necessarily precedes the work of the Board of Equalization pursuant to Section 2459. The Assessor must prepare the assessment rolls before the Board can "equalize, correct and adjust" the assessed valuations contained therein. Accordingly, 68 O.S. 2471 specifies the deadline for the delivery of the assessment roll to the Board. It is the "mandatory" duty of the assessor:
 ". . . to deliver the completed roll to the County Board of Equalization on or before . . ." Emphasis added
the day when the annual session of the Board is required to commence. 68 O.S. 2459. The assessment roll so delivered is by statutory mandate a "completed" roll. That term imports that the preparation of the roll is complete, and that all of the elements which must comprise each valuation have been included. These elements are set forth in 68 O.S. 2460:
 ". . . Notice . . . shall include the fair cash value of the property as used in determining the assessment for the preceding and current year; the assessed valuation for the preceding and current year; and the assessment ratio for the preceding and current year . . ." Emphasis added
68 O.S. 2461 provides that both the taxpayer and the County Assessor have the right of appeal:
 ". . . from any order of the County Board of Equalization to the District Court of the same County . . . but no matter shall be reviewed by the District Court which was not presented to the Board in the complaint filed with it."
68 O.S. 2468 provides in pertinent part:
 "(a) the proceedings before the Boards of Equalization and appeals therefrom shall be the sole method by which assessments or equalizations shall be corrected or taxes abated . . ." Emphasis added 68 O.S. 2459 expressly prohibits the Board of Equalization from raising or lowering the assessed valuations after it has completed its adjustments to valuations contained in the assessment rolls delivered to it by the County Assessor. Under 68 O.S. 2473 the County Assessor has a mandatory duty to transmit the abstract of the adjusted valuations of the County Board of Equalization to the Tax Commission. 68 O.S. 2479.1 provides:
 "Assessed valuations as certified by the board of equalization must remain unchanged."
 It is, therefore, the opinion of the Attorney General that yourquestion be answered in the negative. The County Assessor does not havethe authority to raise or lower the assessment ratio applicable to thecollection of ad valorem taxes after the assessment roll and the rateshown on the assessment roll have gone to the County Board ofEqualization.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN PAUL JOHNSON, ASSISTANT ATTORNEY GENERAL